UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MAREK MICHALSKI, #322318

        Petitioner,

v.                                                     2:05CV291

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

## I.  STATEMENT OF THE CASE

### A.  Background

On April 10, 2003, in the Circuit Court of Arlington County, Virginia, petitioner was convicted of two counts of uttering fraudulent public documents and one count of assault and battery of a Department of Motor Vehicles security officer. Petitioner was sentenced to serve ten years imprisonment. Petitioner did not appeal his conviction.

On December 30, 2003, petitioner filed a petition for writ of habeas corpus in the Circuit Court of Arlington County, which was dismissed on July 9, 2004. Petitioner appealed the dismissal of the habeas petition to the Supreme Court of Virginia, but the court dismissed the petition on November 10, 2004, for failure to "assign error as required by Rule 5:17(c)." Petitioner then filed a petition for

rehearing and an amended habeas petition in the Supreme Court of Virginia.  On January 26, 2005, the Supreme Court refused the petition for rehearing.

On May 11, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on June 17, 2005, respondent filed a motion to dismiss and Rule 5 answer.  The matter is now ripe for consideration.

### B.  Ground Alleged

Petitioner's sole claim is that his guilty plea was unintelligent and involuntary because trial counsel: (1) misinformed him "regarding the potential length of his sentence" and (2) inadequately investigated "both phases of the trial."  (Br. in Support of Rule 5 Ans. and Mot. to Dismiss at 1.)  In addition to the above ground for relief, petitioner moves for an evidentiary hearing.

### II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true.  See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must

construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422

(1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." <u>Id.</u> at 432.

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  <u>See Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Pitchess v. Davis</u>, 421 U.S. 482, 487 (1975); <u>Joseph v. Angelone</u>, 184 F.3d 320, 325 (4th Cir. 1999); <u>Beck v. Angelone</u>, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); <u>see</u>

also <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Satcher v. Pruett</u>, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D.  Procedural Default

In <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991), the Supreme Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. <u>Id.</u> at 750.  Speaking for the Court, Justice O'Connor said:

> We now make it explicit:  In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

<u>Id.</u> at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice.  <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia.  Therefore, the issue of actual prejudice need not be addressed.

The Supreme Court of Virginia, finding that petitioner's appeal "was not perfected in the manner provided by law," dismissed the petition for failure to comply with state procedural rules.  This

explicit finding of procedural default precludes federal review of the present petition.  See Bunch v. Thompson, 949 F.2d 1354, 1365-66 (4th Cir. 1991).

Moreover, a federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice.  Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to comply with procedural rules.  Therefore, the issue of actual prejudice need not be addressed.  However, this Court notes that because petitioner has admitted his guilt, and his sentence is within the range specified by statute, no actual prejudice has occurred.  (See Michalski v. Johnson, File No. 013CL03000894-00 Ord. Cir. Ct. Arlington County (July 9, 2004).  The claim is procedurally defaulted and should be DISMISSED.

### D.  Petitioner's Claim is Without Merit

Petitioner was originally charged with attempted malicious wounding, but the charge was reduced to assault and battery at the time of arraignment.  Petitioner pled guilty to the reduced charge and two counts of uttering public documents and "was sentenced to ten years . . . with five (5) years suspended on each of two (2) counts of uttering of a public document," all of which were to run concurrently.  (St. Ct. Rec., Mot. to Reconsider Sentence at 1.)

Petitioner's plea agreement establishes that:

1.   Petitioner read, discussed, and understood each indictment;

2.   Petitioner knew what charges he was pleading guilty to;

3.   Petitioner told his defense counsel about any possible defenses;

4.  Petitioner understood the rights and objections he gave up by pleading guilty;

5.  Petitioner understood that by pleading guilty, he was giving up his right to appeal;

6.  Petitioner understood the penalties and that his punishment could be the same as if he had pled not guilty;

7.  Petitioner was entirely satisfied with the services of his defense counsel;

8.  Petitioner was not threatened or coerced into pleading guilty;

9.  Petitioner made no claims of innocence to the crimes for which he was charged; and

10. Petitioner clearly understood that there was no agreement concerning the sentence he would receive.

The record does not contain a single fact or circumstance that would contradict what was reflected in the plea agreement or that would suggest that the matters established are inaccurate. (See St. Ct. Rec., Plea Agreement Mem.)

Even if this Court were to consider petitioner's arguments on the merits, his claim would nevertheless fail. Petitioner asserts that he "was not aware of any options other than pleading guilty." (Mem. of Law in Support of Pet'r Mot. for Relief, etc. at 8.) However, petitioner's plea agreement, signed in the presence of his attorney, states to the contrary. (See St. Ct. Rec., Plea Agreement Mem. at 2.) Clearly, petitioner was aware of his options and made an informed choice to enter a guilty plea. Petitioner also stated that he understood that by pleading guilty he "may receive the same penalties as if [he] had been convicted of the same crime after a trial by a jury . . ." and further that "[t]here is no agreement about what sentence" he would receive.

(State Ct. Record, Plea Agreement Mem. at 3, 4.)   Petitioner obviously understood the circumstances surrounding his plea.

A defendant's representations during a guilty plea colloquy regarding the validity of his plea and the effectiveness of his attorney are presumed to be valid and may be set aside only by clear and convincing evidence.   See Beck v. Angelone, 261 F.2d 377, 396 (4th Cir. 2001); Anderson v. Warden, 281 S.E.2d 885 (Va. 1981).   Petitioner has presented no evidence showing that his representations were either untruthful or involuntary.   Thus, his arguments to the contrary are without merit and the petition should be DISMISSED.

## E.   Petitioner's Motion for an Evidentiary Hearing is DENIED.

The United States Code provides that a court shall not hold an evidentiary hearing unless the petitioner alleges facts sufficient to establish by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."   28 U.S.C. § 2254(e)(2); See also Townsend v. Sain, 372 U.S. 293 (1963).   Moreover, in a habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C.A. § 2254(e)(1); See also Kasi v. Angelone, 300 F.3d 487 (4th Cir. 2002).

Even if all facts alleged in Petitioner's brief are taken as true, the Court nevertheless finds that his claim is both procedurally defaulted and without merit.   Thus, an evidentiary hearing is neither warranted nor required.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


                                        _____/s/_____
                                        **James E. Bradberry**
                                        **United States Magistrate Judge**

**Norfolk, Virginia**

   **October 3**      , **2005**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of

the following:

       Robert B. Rigney, Esq.
       Protogyrou & Rigney, PLC
       215 East City Hall Ave.
       Monticello Arcade
       Norfolk, VA   23510

       Robert H. Anderson, III, Esquire
       Assistant Attorney General of Virginia
       900 E. Main Street
       Richmond, VA  23219

                Elizabeth H. Paret, Clerk

                By _____
                        Deputy Clerk

                _____, 2005