**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

MAREK MICHALSKI, #322318

                    **Petitioner,**

v.                                                      **2:05CV291**

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                    **Respondent.**

<u>**FINAL ORDER**</u>

        This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.

        The petition alleges violation of federal rights pertaining to petitioner's convictions on April 10, 2003, in the Circuit Court of Arlington County, Virginia, for two counts of uttering fraudulent public documents and one count of assault and battery of a Department of Motor Vehicles security officer, as a result of which he was sentenced to serve ten years in the Virginia penal system.

        The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on October 3, 2005. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on October 17, 2005, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed October 3, 2005.  It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the basis of petitioner's procedural defaults in the state system and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's conclusions, his objections are without merit.  Petitioner pled guilty to two counts of uttering forged public documents and one count of assault and battery.  The assault and battery was originally a felony charge of attempted malicious wounding.  Petitioner's counsel negotiated a plea agreement, which reduced the felony malicious wounding charge to a misdemeanor, and the document charges remained as originally charged, based on the Commonwealth's evidence that following petitioner's arrest, a search of his brief case disclosed documents that could be used in the type of scheme that petitioner attempted to perpetrate.  It should also be noted that petitioner failed to cooperate with the probation office in the preparation of his presentence report, failed to furnish appropriate materials, failed to appear for his original sentencing date, and never raised a challenge, in court, either to his guilt or the services of his attorney.  Petitioner's prior criminal record (shoplifting, unauthorized use of a vehicle, and criminal mischief), reveal sufficient experience in the criminal justice system for petitioner to have some idea of what to expect.

To the extent that petitioner objects to the Magistrate Judge's conclusion that the petition is barred by procedural default, the objections are without merit.   Petitioner has presented no facts which support a claim of justifiable cause for his failure to comply with procedural rules or prejudice.   In its best light, petitioner chastises the Supreme Court of Virginia for following its own rules.

To the extent that petitioner objects to the fact that the Supreme Court of Virginia did not allow his petition for rehearing, the objection is without merit.  First, the Supreme Court of Virginia has the authority to grant a hearing in a matter such as petitioner's when presented with "good cause," but the circumstances providing "good cause" lie within the sound discretion of the court.   The record does not reflect any "prejudice" caused by counsel's advice.   The Court notes, with interest, that the plea agreement is particularly well drafted in that it covers all of the elements of which a defendant must be aware for a guilty plea to be valid (nature of the charges, maximum punishments faced, rights given up by the plea, the effect of the guilty plea, etc.) The plea also contains three separate and specific admissions of guilt, the last of which states, "I make no claim of innocense and I freely and voluntarily plead guilty to the crime described in paragraph 3, above, because I did the wrongful act I am pleading guilty to."  (St. Ct. Rec., Plea Agreement at ¶ 16.)

To the extent that petitioner objects to the Magistrate Judge relying upon the language of the plea agreement, instead of taking note of his claim that counsel failed to adequately investigate the circumstances of his case and present potential defenses, the objection

3

is without merit.   In short, petitioner wants the Court to ignore the language of the plea agreement which states:

> My attorney has explained to me what the Commonwealth . . . must prove in order to convict me of the crime that I am pleading guilty to.   I have told my attorney everything I know about the charge against me.   I have discussed with my attorney any possible defenses I might have to the charge against me.
>
> . . .
>
> I am entirely satisfied with the services of the attorney who has represented me in this case.

(St. Ct. Rec., Plea Agreement ¶¶ 1, 13.)   Petitioner further wants the Court to ignore the obvious conclusions the statements lead to.   The absurdity of petitioner's position is the assertion that his counsel told him he would receive not more than thirty days imprisonment.   The very plea agreement which he signed states very bluntly "[t]here is no agreement about what sentence I will receive . . ."   (St. Ct. Rec., Plea Agreement ¶ 17.)

Finally, petitioner complains that he felt he had no other choice than to rely upon the representations of his counsel and enter a guilty plea but that he is not bound by such statements made during the plea, citing in support thereof Edwards v. Garrison, 529 F.2d 1374 (4th Cir. 1975).   In Edwards, counsel advised his client to falsely answer the court's inquiry during the course of his plea, but there is no evidence that such an event occurred in the instant case.   It is far more likely that a petitioner would falsely claim misconduct on the part of his counsel if he thought there was a possibility that a sentence of imprisonment longer than anticipated could be set aside or reduced.   That is what appears has happened in this case.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

_____/s/_____
     **Walter D. Kelley, Jr.**
**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**
**November 10, 2005**